IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LISA R. MURPHY                                                                                          PETITIONER

v.                              NO. 1:19-cv-00089 DPM/PSH

T. BRADLY, K. DEWITTE, WARDEN FAUST,                                      RESPONDENTS
MAJOR DIXON, DIRECTOR KELLEY, DIRECTOR PAYNE,
and RAYMEN NAYLOR

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Petitioner Lisa R. Murphy ("Murphy") began this case by filing a motion for leave to proceed in forma pauperis and a pleading that she represented to be a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. The undersigned used the occasion of examining her motion to also examine her petition. In the petition, Murphy asked to be released or transferred from the custody of the Arkansas Department of Correction because respondent K. Dewitte stole money belonging to her, and the other respondents did nothing to investigate or otherwise remedy the theft. Given those allegations, the undersigned made three findings: first, Murphy is not challenging the validity of her conviction or the length of her detention but is instead challenging a condition of her confinement; second, the federal courts lack the power or subject matter jurisdiction to issue a writ based on her allegations, even if true; and third, this case should not proceed as one pursuant to 28 U.S.C. 2241. See Docket Entry 4.[1] The only question was what should follow.

---

[1] The undersigned made the findings on the basis of Kruger v. Erickson, 77 F.3d 1071, 1073-1074 (8th Cir. 1996), a case in which the Court of Appeals explained the difference between a habeas corpus action and one brought pursuant to the civil rights statutes. The Court of Appeals explained the difference in the following manner:

> In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a 42 U.S.C. 1983 claim. The prisoner's label cannot be controlling. See id. at 489-90, 93 S.Ct. at 1836-37. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484, 93 S.Ct. at 1833. If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. See id. at 499, 93 S.Ct. at 1841. It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ. …

Rather than recommend that this case be dismissed sua sponte because the writ could not be issued on the basis of Murphy's allegations, even if true, she was notified of her right to convert the case from a habeas corpus proceeding to one pursuant to 42 U.S.C. 1983. See Docket Entry 4. Murphy was notified that if she wished to exercise the right, she should do so by filing an amended complaint on or before October 18, 2019, in which she explained how each named defendant violated her constitutional rights.[2] She was also notified that in the event she failed to convert the case, a recommendation to dismiss it without prejudice would be made.

October 18, 2019, has now come and gone, and Murphy has done nothing. She has not filed an amended complaint or taken any steps to convert this case to one pursuant to 42 U.S.C. 1983. As a result, she is deemed to stand on the petition at bar.

Given Murphy's allegations in her petition, the undersigned again finds that she is not challenging the validity of her conviction or the length of her detention. Rather, she is challenging a condition of her confinement. The undersigned also again finds that the federal courts lack the power or subject matter jurisdiction to issue a writ based on her allegations, even if true, and this case cannot proceed as one pursuant to 28 U.S.C. 2241. See Kruger v. Erickson, 77 F.3d 1071 (8th Cir. 1996). See also Gordon v. Cain, 2018 WL 87861623 (E.D.Ark. 2018) (Kearney, MJ), report and recommendation adopted, 2019 WL 3059849 (E.D.Ark. 2019) (Baker, J). Instead, the case should be dismissed sua sponte.[3]

---

[2] The undersigned also notified Murphy that she could either stand on the pending motion for leave to proceed in forma pauperis or file a new motion for leave to proceed in forma pauperis. If she did not file a new motion by October 18, 2019, she would be presumed to stand on the pending motion.

[3] The undersigned recognizes that sua sponte dismissals are not favored. See Haley v. Dormire, 845 F.2d 1488 (8th Cir. 1988).

Accordingly, it is recommended that this case be dismissed sua sponte. The pending motion for leave to proceed in forma pauperis should be denied, and judgment should be entered for the respondents.

DATED this 29th day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE